1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES BISHOP,<br><br>                                    Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                                    Defendant. | Case No.:  3:24-cv-02266-RBM-AHG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Doc. 2]** |

This action was removed from the Superior Court of the State of California, County of San Diego ("San Diego Superior Court") to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1442(a)(1) on December 5, 2024. (Doc. 1.)   Pending before the Court is Defendant United States Postal Service's ("Defendant" or "USPS") Motion to Dismiss, which was filed on December 19, 2024. (Doc. 4.)   Plaintiff James Bishop ("Plaintiff") has not opposed Defendant's Motion to Dismiss.

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1).   For the reasons discussed below, Defendant's Motion to Dismiss is **<u>GRANTED</u>**.

///

///

1

# I.    **BACKGROUND**

## A.    **Plaintiff's Complaint**

On March 27, 2024, Plaintiff filed a Complaint for the "loss of property" in the San Diego Superior Court.  (Doc. 1-3 ["Compl."] at 2.[1])  Plaintiff asserts causes of action for "general negligence" and "intentional tort," and seeks $900,000 in compensatory and punitive damages.  (*Id.* at 4.)

Plaintiff alleges that he mailed two parcels to the California Superior Court for the County of Contra Costa ("Contra Costa Superior Court") through USPS in March 2023.  (*Id.* at 8–9.)  The first parcel contained Plaintiff's Writ of Habeas Corpus, and the second parcel allegedly contained evidence in support thereof.  (*Id.* at 8.)  Plaintiff alleges the Contra Costa Superior Court received the first parcel, but the second parcel was lost.  (*Id.* at 9, 24.)  The Contra Costa Superior Court denied Plaintiff's Writ of Habeas Corpus.  (*Id.* at 26–64.)

## B.    **Defendant's Motion to Dismiss**

Defendant moves to dismiss this civil action for lack of subject matter jurisdiction and insufficient service of process under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5).  (Doc. 4 at 2–4.)  Defendant argues that Plaintiff's claims fall within the postal exception to the Federal Tort Claims Act ("FTCA").  (*Id.* at 2, 4–6 (citing 28 U.S.C. § 2680(b)).)  Defendant also argues that Plaintiff failed to exhaust his administrative remedies (*id.* at 2, 6–8 (citing 28 U.S.C. § 2675(a))), that USPS is not the proper defendant under the FTCA (*id.* at 2, 8–9), and that Plaintiff failed to serve his Complaint in compliance with Federal Rule of Civil Procedure 4 (*id.* at 2, 9–11).[2]

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.

[2] Because the Court finds that it lacks subject matter jurisdiction over this dispute, it need not reach Defendant's third and fourth arguments regarding the proper defendant and service.  *See Halousek v. USPS*, No. 2:19-cv-0588-MCE-KJN PS, 2020 WL 2084818, at *4 (E.D. Cal. Apr. 30, 2020) ("Because the undersigned recommends dismissing this

2

## II.  **LEGAL STANDARD**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction over the claims asserted.  Fed. R. Civ. P. 12(b)(1).  Since "[f]ederal courts are courts of limited jurisdiction[,]" they may not hear a case unless "authorized by Constitution or statute … ."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).  "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."  *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  "The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation … ."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  Moreover, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).  "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."  *Arbaugh*, 546 U.S. at 514; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III.  **DISCUSSION**

### A.    **The Postal Exception**

"Under the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, the Postal Service is 'an independent establishment of the executive branch of the Government of the United States,' § 201."  *Dolan v. USPS*, 546 U.S. 481, 483–84 (2006).  "Consistent with this status, the Postal Service enjoys federal sovereign immunity [from suit] absent a waiver."  *Id.* at 484 (citations omitted).

---

matter pursuant to § 2680(b), the court does not address the remaining issues raised in defendant's motion.").

"Although the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name, the statute also provides that the FTCA shall apply to tort claims arising out of activities of the Postal Service." *Id.* (internal citations and quotations omitted). "The FTCA, in turn, waives sovereign immunity in two different sections of the United States Code." *Id.* However, "[t]he FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all)." *Id.* at 485. "If one of the exceptions applies, the bar of sovereign immunity remains." *Id.* "The 13 categories of exempted claims are set forth in 28 U.S.C. § 2680 … ." *Id.* One of the 13 categories of exempted claims is "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

Here, Plaintiff alleges that Defendant lost one of two parcels he sent to the Contra Costa Superior Court. (Compl. at 9, 24.) Plaintiff's allegations fall squarely within the postal exception to the FTCA's waiver of sovereign immunity. *See Anderson v. USPS*, 761 F.2d 527, 528 (9th Cir. 1985) (finding the plaintiff's "tort claim against the Postal Service for loss of his package during the robbery was barred by sovereign immunity and the district court properly dismissed it."). The Court therefore lacks subject matter jurisdiction over Plaintiff's claims, and this case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Halousek v. USPS*, No. 2:19-cv-0588-MCE-KJN PS, 2020 WL 2084818, at *3 (E.D. Cal. Apr. 30, 2020) (finding "[t]he Court lacks subject-matter jurisdiction over [the pro se] plaintiff's claim against USPS for the loss of her mail.").

## B.    Administrative Exhaustion

"The [FTCA] provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). A plaintiff must present "the claim to the appropriate Federal agency" and either receive a final denial of the claim or wait six months without resolution. 28

4

U.S.C. § 2675(a). A plaintiff must strictly adhere to the exhaustion requirements of 28 U.S.C. § 2675(a) as this is a mandatory, jurisdictional prerequisite to filing suit. *See Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992) (reaffirming that "the administrative claim requirements of § 2675(a) are jurisdictional in nature, and thus must be strictly adhered to.") (citing *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991))). Because "[t]he timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA," it "should be affirmatively alleged in the complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (internal citation omitted).

Here, Plaintiff does not allege that he submitted an administrative claim to Defendant, the federal agency. Instead, Plaintiff submitted a grievance to the California Department of Corrections and Rehabilitation Office of Grievances at the RJ Donovan Correctional Facility. (Doc. 1-3 at 16.) Submitting such a grievance is not sufficient to satisfy the FTCA's administrative exhaustion requirement as it was not directed to the appropriate federal agency. *See Jerves*, 966 F2.d at 521 (affirming dismissal for lack of subject matter jurisdiction where plaintiff did not comply with FTCA administrative claim requirements); *McNeil*, 508 U.S. at 111 (holding pro se plaintiffs must fully comply with § 2675(a) before invoking federal jurisdiction). Since Plaintiff failed to fulfill the administrative exhaustion requirement, this defect provides a separate and independent basis for dismissal for lack of subject matter jurisdiction. *See Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1249–53 (9th Cir. 2006) (affirming dismissal of a claim for lack of subject matter jurisdiction when the plaintiff failed to exhaust his administrative remedies pursuant to 28 U.S.C. § 2675(a)).

## IV.   <u>CONCLUSION</u>

Having established two independent bases for dismissal for lack of subject matter jurisdiction, the Court **<u>GRANTS</u>** Defendant's Motion to Dismiss and **<u>DISMISSES WITHOUT PREJUDICE</u>** this action for lack of subject matter jurisdiction. The Court need not reach Defendant's remaining, non-jurisdictional arguments. *See Halousek*, 2020

5

WL 2084818, at *4.

   **IT IS SO ORDERED.**

DATE:  July 14, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE